UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>JEANETTE BRADSHAW, LAURA HAYWOOD, SHARP DISPOSAL, LLC, and DEVANTE S. BENNETT<br><br>Defendants. | Case Number 1:25-cv-194<br><br>Division |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Crum & Forster Specialty Insurance Company ("CFSIC") files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201 and states:

**PARTIES**

1. Plaintiff, CFSIC, is a citizen of the states of Delaware and New Jersey because it is an insurance corporation organized under the laws of the State of Delaware with its main administrative office located in the State of New Jersey.

2. Defendant, Jeanette Bradshaw ("Bradshaw"), is an individual and a citizen of the State of Arkansas.

3. Defendant, Laura Haywood ("Haywood"), is an individual and a citizen of the State of Missouri.

4. Defendant, Sharp Disposal, LLC ("Sharp") is a limited liability company organized under the laws of the state of Missouri. All of the members of Sharp Disposal, LLC are citizens of the state of Missouri. Accordingly, Sharp Disposal, LLC is a citizen of Missouri.

5. Defendant, Devante S. Bennett ("Bennett"), is an individual and a citizen of the State of Missouri.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this suit occurred in this district.

## JURISDICTION

7. This Court has jurisdiction pursuant to 28 U.S.C. § 2201, the Declaratory Judgments Act, and pursuant to 28 U.S.C §1332 because all of the defendants are from a state different from the plaintiff and because the matter in controversy exceeds $75,000, exclusive of interest and costs, as alleged in paragraphs 10 and 11 of this Complaint.

## THE UNDERLYING LAWSUIT

8. On March 27, 2025, Defendants, Bradshaw and Haywood, filed their First Amended Petition against Sharp, Friendly Waste Management, Inc. and Bennett, alleging the wrongful death of Douglas James ("James") and personal injuries to Haywood in a motor vehicle accident that occurred on August 17, 2023 in Dunklin County, Missouri (the "Accident").

9. A copy of the First Amended Petition is attached as Exhibit A to this Complaint and is referred to herein as the "Underlying Suit." Exhibit A is incorporated herein by reference. The Underlying Suit was originally filed in the Circuit Court of Dunklin County but was subsequently transferred to the Circuit Court of New Madrid County, where it now bears case number 25NM-CV00427.

10. Bradshaw alleges in the Underlying Suit that she is the personal representative of the estate of the decedent, James, who died as a result of the Accident. Upon information and belief, Bradshaw is seeking damages exceeding $75,000 for the wrongful death of James.

11. Haywood alleges in the Underlying Suit that she sustained severe emotional distress that has required and will in the future require medical treatment and expenses. Upon information and belief, Haywood is seeking damages exceeding $75,000 for her personal injuries.

12. The Underlying Suit alleges that Bennett was working in the course and scope of his employment with Sharp and driving a 2007 Sterling L9500 commercial vehicle on Missouri Highway 25 in Dunklin County, Missouri when he slowed to make a left turn.

13. According to the allegations of the Underlying Suit, the 2007 Sterling did not have working rear lights, including brake lights, turn signals and parking lights. As a result, James collided with the rear of the 2007 Sterling and sustained injuries that caused his death.

14. As the same time, according to the allegations of the Underlying Suit, Haywood, was operating a vehicle traveling in the same direction behind James' vehicle. Haywood took evasive action and was able to avoid the collision, but she alleges that she suffered severe emotional distress that required medical care.

15. The Underlying Suit alleges that Devante S. Bennett was negligent in various respects, including

- failure to keep a careful lookout;
- stopping in a lane reserved for moving traffic;
- slowing and stopping without adequate warning; and
- failing to inspect, maintain or repair the lights on the vehicle.

16. Bradshaw and Haywood pray for damages in the Underlying Suit against both Bennett and Sharp for Bennett's alleged negligence in the course and scope of his employment with Sharp.

17. The Underlying Suit also alleges that Sharp was independently negligent in various respect, including:

- supplying a dangerous instrumentality to Bennett to use in the course and scope of his employment;
- failing to schedule its employee's work to be done in during daylight hours;
- failing to properly train, instruct, monitor or supervise its employee;
- failing to properly install, inspect, repair or maintain the lights on the back of its vehicle; and
- permitting its employee to operate the vehicle without proper lights on the back.

18. Progressive Casualty Insurance Company issued a policy of commercial auto insurance to Friendly Waste Management, Inc., bearing policy number 01013294 with effective dates of August 15, 2023 through August 14, 2024 with a combined single limit of coverage of $750,000 (the "Progressive Policy").

19. Progressive has been providing a defense to both Sharp and its employee, Bennett under the Progressive Policy.

## THE CFSIC POLICY

20. CFSIC issued a commercial general liability insurance policy to Sharp Disposal, LLC, bearing policy number  BAS-22028-1, with effective dates from April 29, 2023 to April 29, 2024, and policy limits of $1,000,000 per occurrence and $2,000,000 in the aggregate (the "CFSIC Policy"). The CFSIC Policy is attached as Exhibit B and incorporated herein by reference.

21. CFSIC Policy form CG 00 01 12 07, at Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, paragraph 1, provides in part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

　　**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any

"suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

22. CFSIC Policy form CG 00 01 12 07, Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, paragraph 2, includes a number of coverage exclusions, including:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> \* \* \*
>
> **g. Aircraft, Auto Or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented to any insured.
>
> \* \* \*

23. CFSIC Policy form CG 00 01 12 07, includes certain definitions relevant to this matter, including:

> **SECTION V – DEFINITIONS**
>
> \* \* \*
>
> **2.** "Auto" means:

      **a.**    A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

      **b.**    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged

However, "auto" does not include "mobile equipment".

\*   \*   \*

24. The CFSIC Policy is endorsed with form SB056-0615, the **ABSOLUTE AUTO, AIRCRAFT AND WATERCRAFT EXCLUSION,** which provides, in part:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A. **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, paragraph **g.** is deleted and replaced with the following:

**g.**    **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of or resulting from the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.

\*   \*   \*

25. In accordance with the terms of the CFSIC Policy, including the Absolute Auto, Aircraft and Watercraft Exclusion endorsement, the insurance afforded by the CFSIC Policy does not apply to the claims made by Bradshaw or Haywood against Sharp or its employee, Bennett.

26. Accordingly, CFSIC has no duty to defend or indemnify Sharp or Bennett in the Underlying Suit.

27. Nevertheless, by email dated July 16, 2025, Sharp has demanded, through counsel, defense and indemnity for the claims made against Sharp in the Underlying Suit.

28. Upon information and belief, Bradshaw and Haywood will seek to recover under the CFSIC Policy should damages be awarded in their favor and against Sharp or Bennett in the Underlying Suit.

29. In accordance with the foregoing CFSIC Policy terms and exclusions, CFSIC is not obligated to defend Sharp or Bennett or anyone else from the claims made in the Underlying Suit, nor is it required to indemnify Sharp or Bennett or anyone else for the claims made in the Underlying Suit because the CFSIC Policy attached as Exhibit B does not cover the claims made in the lawsuit attached as Exhibits A.

30. CFSIC brings this declaratory judgment action pursuant to 28 U.S.C. §2201, and states that there is an actual, justiciable controversy between CFSIC and the defendants named and asks that this Court declare the rights and obligations of the parties with respect to the insurance policy attached as Exhibit B and with respect to the Petition attached as Exhibit A.

## PRAYER FOR RELIEF

CFSIC prays that defendants be cited to appear and answer and, upon final trial, that CFSIC be granted a judgment as follows:

A. A declaration that the policy of insurance issued by CFSIC as alleged provides no coverage for and no duty on behalf of CFSIC to defend or indemnify Sharp or Bennett or anyone else for the claims asserted in the lawsuit styled *Jeanette Bradshaw et al. vs. Sharp Disposal, LLC, at al.*, currently bearing cause number 25NM-CV00427 on the docket of the Circuit Court of New Madrid County, Missouri and attached to this Complaint as Exhibit A.

B. A declaration that CFSIC shall have no duty or obligation to pay on behalf of Sharp or Bennett or anyone else any sum that Sharp or Bennett or anyone else may become obligated to pay by way of settlement or judgment in connection with the lawsuits styled *Jeanette Bradshaw et al. vs. Sharp Disposal, LLC, at al.*, currently bearing cause number 25NM-CV00427 on the docket of the Circuit Court of New Madrid County, Missouri and attached to this Complaint as Exhibit A.

C. Plaintiff prays for trial by jury on all issues so triable.

Respectfully submitted,

GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, P.C.

*/s/ Stephen J. Moore*

---

Stephen J. Moore, #58100
222 S. Central Avenue, Suite 1110
St. Louis, Missouri 63105
Telephone: (314) 725-0525
Facsimile: (314) 725-7150
smoore@gallowaylawfirm.com
***Attorney for Plaintiff***